John S. Leonardo
United States Attorney
District of Arizona
405 W. Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone (520) 620-7300

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br>v.<br><br>Eulogio MENDOZA-Hernandez<br><br>Defendant | 13-31142M<br>PLEA AGREEMENT<br>(Flip-Flop)<br><br>**Fast Track 5K3.1** |

The Parties enter into the following agreement:

1. Defendant will enter a plea to Count 2 of the complaint, Alien Eluding Examination and Inspection by Immigration Officers of the United States, a misdemeanor offense, in violation of Title 8, United States Code, Section 1325. This plea will occur no later than the time set for the detention hearing/preliminary hearing.

2. The government will dismiss Count 1 of the complaint, Illegal Re-Entry After Deportation, a felony, in violation of Title 8, United States Code, Section 1326(a). This charge, if proven, carries a maximum sentence of two (2) years imprisonment, $250,000 fine, (1) one year supervised release and a $100 special assessment. The government will dismiss this charge at the time of sentencing.

3. The maximum penalties for the offense to which I am pleading are six (6) months in custody, a $5,000 fine. The government agrees to waive the $10.00 special assessment.

4. Pursuant to this plea agreement, the government and the defendant stipulate and agree to a sentence of 30 days of imprisonment which will commence at the time of plea and sentencing. Defendant is to receive credit for all time he/she has served to date and shall be deducted from the stipulated sentence.

5. The parties waive a Pre-Sentence Report and agree that sentencing will occur on the date of the change of plea. The defendant understands and agrees that this plea agreement contains all terms, conditions, and stipulations regarding sentencing. If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

6. Pursuant to this plea, the defendant waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. If the defendant files a notice of appeal or habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.

7. If the defendant was on supervised release at the time the present offense was committed, the government may withdraw from the plea agreement.

8. The elements of Improper Entry By an Alien are as follows:
   (a) The Defendant, an Alien
   (b) Entered or attempted to enter the United States,
   (c) At any time or place other than as designated by immigration officer

9. If the defendant entered the United States at a place outside the jurisdiction of this court, the defendant agrees to waive his/her right to raise a challenge based on improper venue under 8 U.S.C. 1329 in order to permit the court to accept his guilty plea and sentence the defendant in accordance with this plea agreement.

10. The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

**11. Factual Basis for Plea:**

I, Eulogio MENDOZA-Hernandez, am a citizen of Mexico. On or about September 02, 2013, I was found in the District of Arizona at or near Patagonia, Arizona. As evidenced by my illegal presence in the District of Arizona, I further admit that I entered the United States from the Republic of Mexico on or about August 30, 2013 at or near Nogales, Arizona at a time and place other than as designated by Immigration Officers of the United States.

Dated this 4 day of September, 2013.

_____
Eulogio MENDOZA-Hernandez
Defendant

_____
Defense Counsel

John S. Leonardo
United States Attorney
District of Arizona

_____
Special Assistant U.S. Attorney